RECEIVED
IN ALEXANDRIA, LA.
SEP 0 8 2010
TONY R. MOORE, CLERK
BY DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **MICHAEL HAMILTON** | **CIVIL ACTION NO. 1:05-01563** |
| **-vs-** | **JUDGE DRELL** |
| **WARDEN WILKINSON, et al.** | **MAGISTRATE JUDGE KIRK** |

## RULING ON MOTIONS

Before us are the following motions: (1) a motion "seeking compensation for damages" from this Court's March 17, 2010 judgment rendered in favor of Plaintiff (Document No. 80, filed May 17, 2010); (2) a motion for "clarification of judgment" or an alternative motion for leave to take an interlocutory appeal *in forma pauperis* (Document No. 81, filed July 2, 2010); (3) a motion for an out of time appeal (Document No. 82, filed July 2, 2010); (4) a motion for "status quote [sic]" and a "copy of the case review" (Document No. 83, filed July 2, 2010); (5) a motion for "production of trial transcript and all related documentations" (Document No. 84, filed July 2, 2010); (6) a "motion to objection" from this Court's final decision (Document No. 85, filed July 2, 2010); and (7) a motion for out of time appeal and "motion for lack of subject matter jurisdiction" (Document No. 90, filed August 2, 2010).

All of motions two through seven attempt to address various post-trial requests for relief and will be addressed first.

We initially observe that the Court's judgment of March 17, 2010 (Document No. 79) was a final judgment after trial on the merits. Under Fed. R. Civ. P. 59(b), a party seeking a new trial must file an appropriate motion no later than twenty-eight (28) days after the entry of judgment. This is likewise true for a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e).

Rule 60 of the Federal Rules of Civil Procedure also allows some post-judgment corrections based upon a motion filed within a reasonable time, but no later than one year after the entry of judgment. However, the grounds for granting a Rule 60(b) motion are very limited, and none of those grounds is present here.

Fed. R. App. P. 4(a)(1) provides that a civil appeal must be filed within thirty (30) days of a judgment. Extensions of time *may* be granted under certain circumstances, but motions to extend time must be filed no later than thirty (30) days after the time in Rule 4(a)(1) expires. Rule 4 contains a very limited reopening provision, Fed. R. App. P. 4(a)(6), but none of the circumstances there is present here.

Equipped with these binding rules, we note that the judgment here was entered on March 17, 2010. To be timely, a notice of appeal was due on April 16, 2010. If Mr. Hamilton had requested it timely, an extension *could* have been granted, making the final date for a notice of appeal May 16, 2010.

Mr. Hamilton's *first* attempt (Motion #1, Document No. 80) at any post-trial activity was not filed until May 17, 2010, and it was not anything even remotely fashioned as an appeal. That first was framed by him in the July 2, 2010 motions, *well after* the maximum outside appeal time had lapsed.

Accordingly, we must DENY the motions we have numbered as 2,3,6, and 7 (Document Nos. 81, 82, 85, and 90), as the Court is unable to provide the relief requested and these motions have no merit. Likewise the motions we have numbered as 4 and 5 (Document Nos. 83 and 84) are rendered MOOT and are DENIED on that basis.

As to the motion we have identified as number 1 (Document No. 80), Mr. Hamilton has asked the Court to tell him how to execute on his judgment against Defendant, Robert Washington. Mr. Hamilton must be aware that this Court cannot provide legal advice. However, in ruling on his motion, we note that Fed. R. Civ. P. 64 provides his answer on the general manner by which money judgments are executed. Beyond that, Mr. Hamilton may wish to seek the benefit of legal counsel from an attorney regarding the methods and nuances of executing on a judgment. Aside from these observations, the remainder of the requests made in motion number 1 (Document No. 80) are DENIED AS MOOT.

SIGNED on this 7th day of September, 2010, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE